### McGIRT et al. v. FLEET et al.

No. 21719. Oct. 24, 1931.

W. B. Phillips, for plaintiffs in error.

L. H. Harrell and A. M. Kerr, for defendants in error.

WELCH, J. In the trial court the plaintiffs brought suit to recover real estate which they claim to own. The defendants answered by general denial, and asserted their own ownership in the land, and sought to have their title quieted as against the plaintiffs, alleging the purchase of the former interests of plaintiffs through proper partition proceedings theretofore had in the district court of the county in which the land was situated.

When the cause was called for trial the plaintiffs dismissed their action in open court filed a reply to the answer of the defendant, and trial was had, resulting in judgment for the defendants.

In this court the plaintiffs, as plaintiffs in error, have filed brief discussing at length the sufficiency of plaintiffs' petition in the trial court, and discussing the alleged error of the trial court in sustaining a demurrer to the plaintiffs' petition, but the record discloses that the trial court did not sustain, but, on the contrary, overruled, defendants' demurrer to plaintiffs' petition, and that thereafter in open court the plaintiffs dismissed their cause. The brief of plaintiffs in error does not mention or discuss any alleged error of the trial court in trying the cause and rendering judgment for the defendants, and in overruling plaintiffs' motion for new trial. The brief of defendants in error points out the complete failure of the plaintiffs in error to brief any alleged error referred to in the motion for new trial or in petition in error. The plaintiffs in error have failed to brief further, and when the cause was assigned for oral argument the plaintiffs failed to appear.

In keeping with the many decisions of this court, we are justified in assuming that the appeal has been abandoned on the part of the plaintiffs in error. The brief of the defendants in error appears to reasonably and fully sustain the validity of the judgment appealed from. In such case it is the well-settled rule in this court that this court may, in its discretion, dismiss the appeal or affirm the judgment of the trial court. Van Smith v. Coleman, 51 Okla. 371, 151 P 1018; Oriental Cement Plaster Co. v. Roman Nose Gypsum Co, 54 Okla. 330, 153 P. 861; Stepp v. Turner, 83 Okla. 139, 200 P. 994.

In this case the record discloses that the defendants clearly established their title to the land in controversy, and that they had, in fact, purchased and paid for the interests of the minor plaintiffs in the land. No other judgment could have been properly rendered than the judgment that was rendered in favor of the defendants quieting their title. Such judgment was clearly within the issues presented, and was fully sustained by the evidence. The record does not disclose any prejudicial error, and the judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS, OSBORN, and BAYLESS, JJ., concur. SWINDALL, McNEILL, and BUSBY, JJ., absent.